## RYNERSON *v.* ALLISON.

The Circuit Judge having based a decree of foreclosure wholly upon the verdict of the jury upon certain issues in chancery submitted to them, without rendering his independent judgment upon the facts so found, the decree was reversed. In such cases the verdict is only to enlighten the conscience of the chancellor, and he must render his own judgment upon the issues in the cause.

Before ALDRICH, J., Laurens, February, 1887.

The decree appealed from was as follows:

The jury to whom was referred certain issues of fact in the above stated cause, having found by their verdict that the horse for which the note described in the complaint was given, was sound at the time of the sale of the said horse, and that the sale of the said horse was never rescinded, and that there was an agreement made between the plaintiff and defendant, Calvin Allison, after the death of the horse, that if the plaintiff would give a credit of twenty-five dollars on the said note, that the defendant, Calvin Allison, would pay the balance of the said note, and that the credit was given on the note, and that the amount due

on the note was one hundred and forty-nine dollars and seventy-three cents, and the said jury having rendered their verdict against the defendants, Calvin Allison and Calvin H. Harper, in favor of the plaintiff herein for the sum of one hundred and forty-nine dollars and seventy-three cents, on motion of Cuningham & Harris, plaintiff's attorneys, it is ordered, adjudged, and decreed, that the mortgage given by the defendant, Calvin Allison, to the plaintiff, J. F. Rynerson, to secure the payment of the note described in the complaint herein, which mortgage was set forth as a part of said complaint, be foreclosed, and the said Calvin Allison, and all parties claiming under him subsequent to the execution of the said mortgage, be forever barred from all equity of redemption, and the lands described in the said mortgage, to wit, &c.

*Mr. W. H. Martin*, for appellant.

*Messrs. Cuningham & Harris*, contra.

February 14, 1888. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The appellant, Calvin Allison, bought a horse from the respondent, at the price of $150, for which he gave his promissory note, with Aesop Allison and C. H. Harper as sureties, payable one day after date, with 10 per cent. interest. At the same time the said Calvin executed a mortgage covering a certain tract of land containing seventy-five acres, more or less. The action below was brought to enforce collection of this note, the plaintiff demanding judgment against Calvin Allison, Aesop Allison, and C. H. Harper, defendants, for the sum of $125 and interest, balance after a credit of $25, which had been entered on the note, and also a foreclosure of the mortgage. The other defendants were made parties defendants as senior lien encumbrancers. The defendants plead failure of consideration, the horse having died in a few days after the sale, from disease and unsoundness, as alleged, existing at the time of said sale. Calvin Allison, the purchaser, also claimed damages to the amount of $150 for loss of crop. Aesop Allison having died during the progress of the case, it proceeded against

the other two.   The case was found on calendar 2 at the June term of the court, 1886, for Laurens County, his honor, Judge Hudson, presiding (having been continued at the previous term), when on motion of the plaintiff, without previous notice, an order was passed submitting certain issues to a jury, and the case was marked continued, against the protests of the defendants.

At the next term of the court, the issues then being on calendar 1, they were tried by a jury, resulting in a mistrial, which was entered, and the case marked continued on both calendar No. 1 and No. 2.   At the next term of the court the issues submitted were tried on calendar No. 1, before his honor, Judge Aldrich, with a jury, his honor directing the jury to answer "yes or no" to the questions submitted, which questions were as follows : 1. Was the horse, for purchase of which the note described in the pleadings was given, sound at the time of sale ?   2. Was there, at the time of said sale, any warranty, either expressed or implied ?   3. Was the sale rescinded ?   4. Was there an agreement between plaintiff and the defendant, Calvin Allison, after the death of the horse, that if plaintiff would give credit in the said note of twenty-five dollars, the said defendant, Calvin Allison, would pay the balance of the note, and was the credit given on the note ?   5. What amount, if any, remains due upon said note ?—to all of which the jury answered affirmatively, except the 3d, and they found the amount due to be $149.73.

The judge then, after stating the finding of the jury upon the different issues submitted, ordered a foreclosure of the mortgage, directing the proceeds of sale to be applied, 1st, to the costs ; 2d, to the payment of the senior mortgage to defendants, Boyd, Pluss & Co. ; and 3rd, to the payment of the plaintiff, and in case the plaintiff's debt was unsatisfied, then that he have leave to issue execution against the said Calvin Allison and the said C. H. Harper for any balance that might remain upon the judgment obtained, with costs.

From this, Allison and Harper have appealed on the grounds : 1. That his honor, Judge Hudson, erred in granting the order dated June 19, 1887 (submitting the issues to a jury), when the plaintiff had not given notice of a special motion for such order. 2. That Judge Aldrich erred in granting the order dated March

4, 1887, before the case was reached regularly for trial on calendar 2. 3. That he erred in not considering · the case and giving his independent judgment upon the facts and law. 4. Because judgment could not be entered up against the defendants, Allison and Harper, under the proceedings in this case. 5. That he erred in granting the order of foreclosure and sale when the original contract of purchase had been rescinded and a new contract made.

The last exception involves a question of fact, and there is no reason under the rule in such cases, why the finding below should be disturbed. The second was passed over in the argument as untenable, and the questions presented are found in the other three.

The appellants' counsel claims that the case was in chancery, and his exceptions are based upon that theory, and he interposes no objection that it was tried as such, as to any or either of the defendants. He does not object to the submission of the issues mentioned to the jury so much, but he contends that this could not be done on motion of the plaintiff, without previous notice of such intended motion. It is true, "that in cases where the trial of issues of fact is not provided for in the code, if either party shall desire a trial by jury, such party shall, within ten days after issue joined, give notice of a special motion to be made upon the pleadings." But at the same time, in cases triable by the judge, he may for his own enlightenment order an issue as to the whole, or as to any specific questions of fact, to be tried by a jury. Now, although the issues here were ordered on motion of the plaintiff, yet it does not appear but that the Circuit Judge granted the motion for his own satisfaction and enlightenment, under the power with which he was invested, independent of the motion of the plaintiff. Be this as it may, however, the next exception is the most serious; in fact, we think is fatal, and demands a reversal of the judgment below, and therefore renders the further discussion of this point unnecessary.

The exception referred to alleges error, "because his honor failed to give his independent judgment upon the facts of the case," and based his order of foreclosure, &c., upon the verdict of the jury, without stating his concurrence in the findings. Sev-

eral cases have been before this court where this point was raised and decided. In *Flinn & Hart* v. *Brown* (6 *S. C.*, 212), the court said : "As the case is one in chancery, it was determinable by the court, and the parties were entitled to its judgment both on the questions of fact as well as of law involved in the issue. The verdict of the jury is not to be accepted as the conclusion which is to govern and control the case, and through the medium of which the judgment is to be pronounced in favor of the one side or the other. The judgment in such a case must be the result of the conclusion of the judge, both on the law and the facts," &c. In the case of *Gadsden* v. *Whaley* (9 *S. C.*, 148), the court said : "The question is, whether the Circuit Judge erred in failing to give his own opinion upon the issues involved, and whether the judgment, if based solely upon the verdict of the jury to whom the issues were referred, can be allowed to stand." On the authority of *Flinn & Hart* v. *Brown, supra*, the judgment having been based solely upon the verdict of the jury, it was set aside.

In *Ivy* v. *Clawson* (14 *S. C.*, 273), the same doctrine was held and applied. See also *Small* v. *Small*, 16 *S. C.*, 64. And in *Grierson* v. *Harmon* (16 *S. C.*, 618), the court said : "Notwithstanding the verdict of the jury, the parties had a right to have a hearing by the court upon the merits."

Now, it will be seen upon reading the order of foreclosure and the judgment of the Circuit Judge giving leave to the plaintiff to issue execution against the defendants, Allison and Harper, for any balance that might be due after the application of the proceeds of the sale to the debt, that it was based upon the verdict alone. There is no indication as to the judge's mind upon the finding, no expression of concurrence, but simply a statement that the jury having found the issues submitted for the plaintiff, it is ordered, &c., &c. It may be that the Circuit Judge fully concurred with the jury, but this does not appear in the language used by him. The parties under the authority of the cases cited *supra*, had a right to have his conclusions, and that the judgment pronounced should be based upon such conclusions, whether reached through the verdict of the jury or otherwise.

It is the judgment of this court, that the judgment below be reversed and that the case be remanded.